IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| DARIUS ABDUL RICHARDSON | ) | Domestic Case No. DM361-01 |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDERS |
| | ) | |
| vs. | ) | |
| | ) | |
| JEAN LORRAINE RICHARDSON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO STRIKE DEFENDANT'S OPPOSITION

### BACKGROUND

On June 3, 2016, Darius filed and served his "Plaintiff's Motion and Memorandum for Modification and/or Reconsideration Re: Order May 31, 2016." Jean filed her Opposition on August 29, 2016, with the title "Defendant's Objection and (1) Reply to Motion for Modification and/or Reconsideration Re: Order May 31, 2016; and (2) Request to Set-Off Credits Against Future Child Support." Darius, having presumably received Jean's Objection via e-mail on August 18, 2016, filed his "Motion to Strike Belated and Excessive Opposition Brief" on August 19, 2016. Jean did not file an opposition to the Motion to Strike.

### DISCUSSION

#### a. Jean's Opposition was filed after the deadline for filing under CVR 7.1(d)(1).

Pursuant to CVR 7.1(d)(1), a party may file her opposition within 28 days from the filing of the motion to which it is responding. Jean's deadline for filing an opposition was therefore July 1, 2016. Jean filed her Objection on August 29, 2016. Pursuant to CVR 7.1(f), motions that have

1

not been timely filed will not be considered without leave of court. Jean has not provided the Court with an argument as to why her untimely Objection should be considered.

b. Jean's Opposition exceeds the page limit set for opposition briefs under CVR 7.1(g).

CVR 7.1(g) governs the maximum allowable page length of motions and states the following:

> Length of Briefs and Memoranda. Each party may submit briefs or memoranda in support of or in opposition to any pending motion which shall not exceed a total of twenty (20) pages in length without leave of court to file additional pages.

Jean's Objection is 29 pages long. As with an untimely motion, the Court exercises discretion in deciding whether to consider an excessive motion. Jean has not provided the Court with an argument as to why her excessive Objection should be considered.

## CONCLUSION

Plaintiff's motion to strike Jean's Objection is granted. It is ordered that the Objection to Plaintiff's Motion and Memorandum for Modification and/or Reconsideration Re: Order May 31, 2016 filed by the Defendant on August 19, 2016 is struck for failure to comply with the Rules of Civil Procedure.

## MOTION FOR CHILD SUPPORT

## BACKGROUND

Issues regarding child support came before the Court following notice of Sahara's graduation from high school on June 4, 2016. On June 23, 2016 Garcelle returned to her father's sole custody and remained with him. At the hearing on August 31, 2016 the parties agreed not to re-calculate income and rely on the previously established income pursuant to the court order entered December 17, 2012. The Guam Supreme Court dismissed the appeals in this matter so

2

the calculations of income for the parties are now law of the case. (See Order in CVA12-039, CVA14-022 dated March 27, 2018.)

## DISCUSSION

At the hearing on August 31, 2016 the Plaintiff testified that he paid $225 per month for Staywell health insurance for Garcelle. He testified that the expenses for Garcelle's private school, St. John's, were approximately $15,000 per year. His testimony was not contradicted.

## FINDINGS

The Court finds that:

1. Since June 23, 2016 Garcelle has been in the sole custody of her father, Darius.

2. Darius pays Staywell $225 per month for health insurance for Garcelle.

3. Darius pays private school tuition and fees to St. John's School in the amount of $15,000 per year.

4. Garcelle attends St. John's School.

## CONCLUSION

Beginning June 5, 2016 Father's child support for Sahara terminated pursuant to 5 GCA §34105.2(a). Attached as Appendix A is a child support worksheet for Garcelle in her father's custody. Effective July 1, 2016 Mother is ordered to pay father child support in the amount of $636 per month.

3

## DEFENDANT'S MOTION FOR CREDIT FOR CHILD SUPPORT

### BACKGROUND

On March 10, 2016 Plaintiff sought credit for child support payments arising from payments he made to or on behalf of his daughters. In particular he requested:

1) $1500 (check #8593 on 2/25/15) to Punahou School
2) $2700 (check #8618 on 4/1/15) to Punahou School
3) $1000 (check #8643 on 4/30/15) to my daughter Sahara Richardson for her school trip to Alaska
4) $3104.00 (check #9106) for laptops for the girls as required by their schools. Purchased on 7/14/15.
5) $5000 (check #9118 on 8/17/15) to Jean Richardson
6) $88.48 (online credit card order on 8/12/15) to Amazon.com to order text books for Garcelle.
Order #133-6994539-1318651 and 113-5221833-5760261
7) $130.17 (online credit card order on 8/10/15) to Textbooks.com to order text books for Garcelle. Order #08884951263
8) $653.72 (online credit card order on 8/12/15) to MBS Direct Textbooks for Sahara. Order #05734452243
9) $26.17 (online credit card order on 8/13/15) to MBS Direct Textbooks for Sahara. Order #05734452243 (same order # as item-7) Most likely related to shipping cost.
10) $53.68 (online credit card order on 8/17/15) to MBS Direct Textbooks for Sahara. Order #05734452243 (same order # as item-7) Most likely related to shipping cost.
11) $75.00 (online credit card order on 8/16/15) to Vista Higher Learning for Sahara. Order #08002696311
12) $3,700, (check # 9162 on 10/9/15) most recent support payment made to Jean on 10/9/15.

The Court reserved decision on these items after the hearing held

### DISCUSSION

Items 1 and 2 were expenses that Jean was supposed to pay from child support that she received as tuition for private educations is included in child support calculations. Jean is required to reimburse Darius $4,200.

Item 3 is a gift from Darius to his daughter.

Items 5 and 12 are child support payments for which Darius should receive credit.

4

In its Order of December 17, 2012 the Court stated:

> D. Further, Sahara went on a class trip to Washington, D.C. and New York
> City. Since this was a nonrecurring education expense, it should be treated similar to uninsured
> medical costs, that is each party will be responsible for costs in proportion to their respective
> adjusted gross incomes. **Nonrecurring educational expenses will be treated similarly.**
> (Emphasis supplied.)

Items 4, 6, 7, 8, 9, 10 and 11 are nonrecurring educational expenses. The total amount is $4056.22 of which 81 percent or $3,285.36 is assigned to Darius and 19 percent or $770.86 is assigned to Jean. Thus, Jean owes Darius $770.86.

SO ORDERED on May 31, 2018.

KATHERINE A. MARAMAN
JUDGE, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:

D. Berman

Date: 5-31-18

Deputy Clerk, Superior Court of Guam

5

# IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

|  |  |  |
|---|---|---|
| DARIUS ABDUL RICHARDSON, | ) | DOMESTIC CASE NO. DM <u>0361-01</u> |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CHILD SUPPORT AMOUNT FOR FATHER'S |
|  | ) | SOLE CUSTODY OF GARCELLE |
|  | ) |  |
| JEAN L. RICHARDSON, et. al., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

The following information is based on the Guam Child Support Guidelines. It is submitted to the Court for consideration in determining the appropriate child support award and distribution.

## MONTHLY GROSS INCOME

|  |  | Father [ ] | Mother [ ] |
|---|---|---|---|
|  | (4) |  |  |
| Total Monthly Gross Income | (5) | <u>12,453</u> | <u>3,333</u> |

## ADJUSTED MONTHLY GROSS INCOME

Deductions from Monthly Gross Income

|  |  | Father | Mother |
|---|---|---|---|
| Subtract $775 Self Support | (5a) | <u>-$775.00</u> | <u>-$775.00</u> |
| Spousal Maintenance Actual Paid | (6) | ____ | ____ |
| Child Support Actually Paid | (7) | ____ | ____ |
| Court Ordered Medical Insurance Actually Paid | (8) | <u>225</u> | ____ |
| Cost Of Supporting Other Children (Explain on Page 4) | (9) | ____ | ____ |
| Total Deductions | (10) | <u>1,000</u> | <u>775</u> |

Appendix A

| | | | Father | Mother |
|---|---|---|---|---|
| Adjusted Monthly Gross Income For Each Parent | (11) | | 11,453 | 2,558 |

**COMBINED ADJUSTED MONTHLY GROSS INCOME**     (12)    14,011

## BASIC CHILD SUPPORT OBLIGATION

| | | |
|---|---|---|
| Number of children for whom support is requested: | (13) | 1 |
| Basic Child Support Obligation | (14) | 2,075 |

## NECESSARY EXPENSES

| | | |
|---|---|---|
| Child Care Costs | (15) | |
| Extra Education Expenses | (16) | 1,250 |
| Child Over 12 (Explain on page 4) | (17) | 207 |
| Total Necessary Expenses | (18) | 1,457 |

## TOTAL CHILD SUPPORT OBLIGATION

| | | |
|---|---|---|
| Total Child Support Obligation | (19) | 3,532 |

## EACH PARENT'S PERCENTAGE OF COMBINED INCOME

| Calculate for each parent | | Father | Mother |
|---|---|---|---|
| Adjusted Monthly Gross Income (from line 11) | (20) | 11,453 | 2,558 |
| Combined Adjusted Monthly Gross Income (from line 12) | (21) | 14,011 | 14,011 |
| Adjusted Monthly Gross Income DIVIDED BY Combined Adjusted Monthly Gross Income EQUALS | (22) | .82 | .18 |

## EACH PARENT'S PERCENTAGE OF THE TOTAL SUPPORT OBLIGATION

| Calculate for each parent | | | |
|---|---|---|---|
| Total Child Support Obligation (from line 19) | (23) | 3,532 | 3,532 |
| Percentage of Combined Adjusted Monthly Gross Income (from line 22) | (24) | .82 | .18 |
| Percentage TIMES the total obligation EQUALS the amount of the parent's support obligation | (25) | 2,896 | 636 |

*Appendix A page 2*